UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN ROYAL, *et al.*,

        Plaintiff,

v.

DETROIT PUBLIC SCHOOLS COMMUNITY
and DR. NIKOLAI VITTI,

        Defendants.

Case No.:  20-cv-11947
Hon. Arthur J. Tarnow
Magistrate Judge David R. Grand

---

| DRIVER, SCHON & ASSOCIATES PLC | DETROIT PUBLIC SCHOOLS COMMUNITY DISTRCT OFFICE OF THE GENERAL COUNSEL |
|---|---|
| Shanta Driver (P65007) | Jenice C. Mitchell Ford (P61511) |
| 19526-B Cranbrook Drive | jenice.mitchellford@detroitk12.org |
| Detroit, Michigan  48221 | Theophilus E. Clemons (P47991) |
| (313) 683-0942 (Telephone) | theophilus.clemons@detroitk12.org. |
| shanta.driver@ueaa.net | Rebecca Shaw-Hicks (P40732) |
| *Counsel for Plaintiffs* | rebecca.hicks@detroitk12.org |
|  | 3011 West Grand Boulevard, Ste. 1002 |
|  | Detroit, Michigan 48202 |
|  | (313) 873-4528 (Telephone) |
|  | (313) 873-4564 (Facsimile) |
|  | *Counsel for Defendants* |

**STIPULATED TEMPORARY RESTRAINING ORDER**

This matter having come before the Court upon Plaintiffs' Motion For Emergency *Ex Parte* Temporary Restraining Order and Order To Show Cause Why A Preliminary Injunction Should Not Issue ("TRO Motion"), the Court

i

having held an on-the-record scheduling conference regarding the Motion at 11:00 am on July 21, 2020 ("Scheduling Conference") and the Court having held an on-the-record motion hearing at 3:00 p.m. on July 21, 2020 ("Second Hearing");

During the Scheduling Conference, Judge Tarnow remanded two of Plaintiffs' claims back to Wayne County Circuit Court.  As to the remaining counts, the Court encouraged the parties to enter into a stipulated temporary restraining order and stated that if such a stipulation was not reached, the Court would enter a TRO against Detroit Public Schools Community District ("DPSCD" or "District") ordering the close down of in-person summer school.  The Court required that the stipulation include DPSCD's stipulation to take the below listed actions as it relates to in-person summer school which began on July 13, 2020 and will end on August 6, 2020 on Monday thru Thursday from 8:30 a.m. to 12:30 p.m. ("In-Person Summer School)");

Accordingly, DPSCD hereby agrees to continue taking the following actions as it relates to In-Person Summer School:

1. Social Distancing
   - Students and staff, at all times allowable and practicable, will socially distance at least 6 feet.

2. Face Masks Worn by Students and Staff
   - Students and staff will wear face masks, except when eating or drinking, while in school buildings.
   - The District will provide masks to student and staff.

3.  Hand Cleaning/Sanitizing Stations
- Stations for hand cleaning and sanitizing will be available for students and staff.

4.  Daily Temperature Checks
- Electronic, mounted and contactless temperature check devices will be available for students and staff.
- Alternatively, handheld devices will be available.

5.  Daily Symptom Checks
- Prior to entering school buildings, students and staff will be required to disclose COVID-19 symptoms.
- If a student or staff answers/responds that they have a symptom or symptoms, they will not be allowed in the school building.
- If they display symptoms while in the school building, they will be asked to leave.

6.  1:15 Teacher to Student Ratio
- Classrooms will be socially distanced.
- There will be a ratio of one teacher to (no more than) fifteen students.

7.  COVID-19 Test Required of Staff
- All staff members (including teachers) will be required to present a negative COVID-19 test result before being allowed to work at in-person summer school.

8.  COVID-19 Test Required of Bus Drivers Driving Students To In-Person Summer School
- DPSCD agrees to require COVID-19 testing of all bus drivers who haven't already been tested per DPSCD's COVID-19 testing requirements.
- DPSCD will provide Plaintiffs' counsel with a certificate from DPSCD's bus vendors attesting to such testing.

9.  COVID-19 Test Required of Students
- At the Scheduling Conference and then again at the Second Hearing, the Court stated that unless DPSCD agreed to conduct testing of all students attending in-person summer school – the Court would "shut down" DPSCD's in-person summer school program.

- Accordingly, DPSCD feels compelled to, and hereby does, agree to:

  A.    Inform parents that their child must be tested (and parent or guardian must submit proof of having taken the test) by no later than Sunday, July 26, 2020 in order to continue attending summer school.  The District will inform parents or guardians who refuse to have their child tested by Sunday, July 26, 2020 that their child will not be able to attend in-person summer school starting on Monday, July 27, 2020.

  B.   The District will provide Plaintiffs' counsel proof establishing that students who continue to attend DPSCD have been tested no later than Tuesday, July 28, 2020.

  C.    Should a student's result be positive, DPSCD will follow cleaning protocols as well as notification protocols for alerting those students/staff that have come into contact with the student.

  D.    DPSCD agrees to provide testing results to Plaintiffs' counsel within two (2) business days of receiving same.  The information shared by the District will not disclose any student personal identifiable information.

  E.    The District will provide the Plaintiffs' Counsel with the names of the schools, in which a student has tested positive.

Plaintiffs agree that, if they become aware of any District employee or vendor who is working at in-person summer school and is not complying with Items 1 through 7, Plaintiffs will notify the subject school building administrator and Plaintiffs' counsel will notify DPSCD's counsel.  Upon receipt of such notice,

DPSCD will take immediate steps to correct such non-compliant behavior and issue discipline as necessary.

Plaintiff Coalition to Defend Affirmative Action, Integration and Immigrant Rights and Fight for Equality By Any Means Necessary ("BAMN") has been conducting protests at District, bus vendor and/or depot locations.  BAMN hereby agrees to cease and desist any activity at such protests that impede the ingress or egress of personnel, vehicles and/or buses from such District, bus vendor and/or depot locations.

IT IS HEREBY ORDERED that the parties comply with the aforementioned agreements.  This order does not resolve the last pending claim and does not close this case.

**IT IS SO ORDERED.**

s/Arthur J. Tarnow
HON. ARTHUR J. TARNOW

STIPULATED AS TO FORM AND SUBSTANCE:

| **/s/ Shanta Driver** | **/s/ Jenice Mitchell Ford** |
|---|---|
| Shanta Driver (P65007) | Jenice C. Mitchell Ford (P61511) |
| shanta.driver@ueaa.net | jenice.mitchellford@detroitk12.org |
| Driver, Schon & Associates PLC | Theophilus E. Clemons (P47991) |
| 19526-B Cranbrook Drive | theophilus.clemons@detroitk12.org. |
| Detroit, Michigan  48221 | Rebecca Shaw-Hicks (P40732) |
| (313) 683-0942 (Telephone) | rebecca.hicks@detroitk12.org |
| *Counsel for Plaintiffs* | Detroit Public Schools Community |
| | District |

Office of the General Counsel
3011 West Grand Boulevard, Ste. 1002
Detroit, Michigan 48202
(313) 873-4528 (Telephone)
(313) 873-4564 (Facsimile)
*Counsel for Defendants*