UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN ROYAL, ET AL.,

    Plaintiffs,

v.

DETROIT PUBLIC SCHOOL COMMUNITY
DISTRICT, NIKOLAI VITTI,

    Defendants.

Case No. 20-11947

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

_____/

**ORDER TERMINATING ALL PENDING MOTIONS AND DISMISSING CASE AS MOOT**

Plaintiffs are school-teachers, bus drivers, and support staff for the Detroit Public School Community District ("DPSCD"). They brought this suit for injunctive relief to address what they allege are deficiencies in the DPSCD's pandemic response.

On July 21, 2020, the Court held an on the record conference regarding Plaintiffs' Motion for a Temporary Restraining Order [6]. The Court remanded two of Plaintiffs' claims to Wayne County Circuit Court. (ECF No. 9). Plaintiffs' Motion for a Temporary Restraining Order [6] was resolved by a Stipulated Temporary Restraining Order [13], entered on July 22, 2020. The summer-school program that was the subject of this litigation ended on August 6, 2020. Thus, on August 10, 2020,

1

this Court ordered either party to show cause by August 18, 2020 as to why this case should not be dismissed as moot. (ECF No. 21).

Plaintiffs argue in their Response [22] that DPSCD failed to fully comply with the Stipulated Temporary Restraining Order [13] and that the Court must enforce the provisions of the Order with which DPSCD has failed to comply. (ECF No. 22, PageID.906). Defendants, in an apparent effort to signal to the Court that they believe the case is moot, did not file a reply by the Court's August 18th deadline. (ECF No. 23, PageID.924). Though there plainly remains disagreement between the parties as to the extent of DPSCD's compliance with the Stipulated Temporary Restraining Order [13], the Court finds that the case is now moot.

"Under Article III of the Constitution, our jurisdiction extends only to actual cases and controversies." *McPherson v. Mich. High Sch. Ath. Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997) (quoting *Crane v. Indiana High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Aaron v. O'Connor*, 914 F.3d 1010, 1015 (6th Cir. 2019) (alteration in original) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Under such circumstances, federal courts lack jurisdiction and must dismiss the case. *Id.*

In their Complaint [1], Plaintiffs sought "a writ of mandamus and/or declaratory and injunctive relief to prevent [Defendants] from continuing with the

reopening of 26 DPSCD schools for in-person summer-school instruction that began on July 13, 2020." (ECF No. 1-1, PageID.9). Because the summer-school program concluded on August 6, 2020, and because no exception to the doctrine mootness is applicable, the Court finds that this case is moot. Plaintiffs lack a legally cognizable interest in preventing DPSCD from recommencing an in-person school program that concluded several weeks ago.

Accordingly,

**IT IS ORDERED** that any and all pending claims in this case are **DISMISSED**.

**SO ORDERED**.

Dated: August 28, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge